IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE WEHLER, individually and on behalf of the estate of ERICK GAINER, deceased; Plaintiff, | : Civil No.: |
| Vs. | : |
| CUMBERLAND COUNTY, TRAVIS SHENK, Cumberland County Prison Warden, PRIMECARE MEDICAL, INC., EMILY WORCESTER, PA-C, STEPHANIE MORDAN, LPN, MARIO BAKER, LPN, DOUG (last name unknown), RN, Defendants. | : JURY TRIAL DEMANDED |

**COMPLAINT**

1. Plaintiff Bruce Wehler, father of Erick Gainer, is an adult individual residing in Maryland. Plaintiff sues in his individual capacity, and as Administrator of the Estate of Erick Gainer, deceased ("Erick Gainer").

2. Defendant Cumberland County is a county organized under the Commonwealth of Pennsylvania and having its primary offices at 1 Courthouse Square Carlisle, PA 17013.

3. Defendant Travis Shenk is an adult individual who, at all relevant times herein, was Warden at Cumberland County Prison located at 1101 Claremont Road, Carlisle, Pennsylvania 17015.

4. Defendant PrimeCare Medical, Inc., (PrimeCare) is a Pennsylvania Professional Corporation located at 3940 Locust Lane, Harrisburg, Pennsylvania 17109, and at all relevant times herein contracted with Cumberland County to provide medical services to inmates at the Cumberland County Prison.

5. Upon information and belief, the individual medical Defendants were employed by PrimeCare to provide medical services at the Cumberland County Prison.

6. Defendant Emily Worchester, PA-C, is an adult individual who, at all relevant times herein, provided medical services at the Cumberland County Prison.

7. Defendant Stephanie Mordan, LPN, is an adult individual who, at all relevant times herein, provided medical services at the Cumberland County Prison.

8. Defendant Mario Baker, LPN, is an adult individual, who at all relevant times herein, provided medical services at the Cumberland County Prison.

9. Defendant Doug (last name unknown), RN, is an adult individual, who at all relevant times herein, provided medical services at the Cumberland County Prison.

10. Defendants acted under color of state law in operating and working at the Cumberland County Prison.

11. Defendant Shenk was a chief policymaker for the Cumberland County Prison.

12. The Cumberland County Prison is owned, staffed, and maintained by Cumberland County.

13. Cumberland County and its prison are required by the United States Constitution to provide inmates with medical care and medical treatment by qualified physicians and licensed medical professionals.

14. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1331, 1343 and 42 U.S.C. §1983,

15. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

16. Erick Gainer arrived at Cumberland County Prison on or about October 21, 2025, after being charged with DUI.

17. On or about October 22, 2025, between approximately 11:00 and 11:40 a.m., Erick Gainer was violently assaulted in his cell by another inmate.

18. Upon information and belief, medical staff, including Defendants Stephanie Mordan, Mario Baker, and Doug, responded to Erick Gainer's cell.

19. Erick had visible injuries to his face, a laceration to his left eyebrow with bruising to the socket area, swelling to his nose, a hematoma from his right eye to his hair line, across his temple, he had bulging to his left jaw, mushroom bruising to his left ear, abrasions on both shoulders and right upper arm.

20. After the assault, Erick was walked to the infirmary.

21. A call was made to medical staff member Emily Worchester, PA-C, regarding the assault, and she ordered ice, pain medication, low bunk status, detox checks, neurological checks, and a facial x-ray.

22. Emergency medical were not called until approximately 1:30 p.m..

23. Erick was taken to Holy Spirit Medical Center, he arrived to the trauma bay 3.5 hours post trauma and unresponsive, and he underwent emergent procedures.

24. Erick Gainer died on October 23, 2025.

25. Erick Gainer is survived by his father Bruce Wehler and his minor daughter.

26. Plaintiff has suffered damages including, but not limited to: a loss of expected

economic benefit, loss of support and companionship, medical and funeral expenses, expenses of administration of the estate, loss of future earning power and other financial losses including retirement and/or social security benefits, as well as pain and suffering and loss of enjoyment of life.

**COUNT I: Plaintiff v. Defendants**
**42 U.S.C. §1983: Denial of Adequate Medical Care**

27. Paragraphs 1 through 26 are incorporated herein by reference though set forth in full.

28. Defendants were charged with the care, custody, and control of Erick Gainer while he was incarcerated at the Cumberland County Prison.

29. Erick Gainer had a serious medical need, as he suffered serious and obvious injuries as a result of a violent physical assault, which included obvious injuries to his head and face.

30. Defendants were deliberately indifferent to that serious medical need because In light of the obvious physical injuries, they knew of the risk to Erick Gainer's health and failed to take reasonable measures to address it.

31. Defendants Warden Shenk is a policymaker for the prison and is responsible for the implementation of policy and procedure with respect to the handling of medical care, particularly in emergency situations.

32. Defendant PrimeCare was responsible for the acts and omissions of its agents, servants, and/or employees, including Defendants Emily Worchester, Stephanie Mordan, Mario Baker, and Doug (last name unknown).

33. Each Defendant Emily Worchester, Stephanie Mordan, Mario Baker, and Doug (last name unknown), was aware of Erick Gainer's observable serious injuries and his need for emergency medical treatment after the incident occurred, chose not to take any action to obtain immediate and/or emergent medical treatment, and walked Erick Gainer to the infirmary for a period of time rather than calling for emergency medical treatment.

34. As a result of Defendants' actions in denying and delaying medical treatment, Erick Gainer suffered unnecessary pain and suffering and died.

35. Defendants' policies or procedures did not address the need for emergency medical care.

36. Alternatively, if there were such policies or procedures, the administration knowingly did not follow them.

37. Defendants had a custom, practice or procedure that did not include immediately calling an ambulance in the event of a medical emergency, and/or that permitted Prison staff to make the decision not to call an ambulance in the event of a medical emergency.

38. Defendants lacked, or had an inadequate, custom, practice or procedure regarding how to handle a medical emergency of an inmate.

39. Defendants failed to properly train or supervise staff in identifying and monitoring inmates that are in need of emergency medical care.

40. Defendants failed to train or supervise staff regarding proper procedures in the event of an inmate medical emergency.

41. Erick Gainer was in need of immediate and emergent medical care for the known and obvious violent assault he had just suffered.

42. Despite the obvious need for immediate and emergency treatment for injuries to his face and head, he did not receive adequate medical care, an ambulance was not called to transport him for medical treatment for approximately two hours after the assault, and he was unreasonably forced to wait in excruciating pain and ultimately died as a result.

43. Occasions for prison officials to deal with inmates with serious medical conditions requiring immediate and emergency treatment are likely to recur in the course of their duties.

44. This creates a need for specific training on providing the proper medical treatment to inmates with serious medical conditions.

45. Those inmates with serious medical conditions have a serious risk of harm and death if they do not receive appropriate and timely treatment.

46. The ability to identify the need for immediate or emergent medical treatment is of the utmost importance to prison officials who have to work together to provide care for the inmates.

47. Defendants failed to safeguard the life of Erick Gainer in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

WHEREFORE, Plaintiff Bruce Wehler, individually and on behalf of the Estate of Erick Gainer, respectfully requests this Honorable Court to enter judgement in his favor and against Defendants together with compensatory damages, punitive damages, as

well as reasonable attorney fees and costs, and any such other relief as the Court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By: s/Michael J. Zicolello
Michael J. Zicolello
I.D. No. 65522
Amy R. Boring
I.D. No. 208461
Attorneys for Plaintiff

333 Market Street
Williamsport, PA 17701
(570) 321-7554